**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

MARY PATTERSON,
        *Defendant-Appellant.*

No. 02-4987

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

MARY PATTERSON,
        *Defendant-Appellant.*

No. 03-4267

Appeals from the United States District Court
for the Southern District of West Virginia, at Beckley.
Charles H. Haden II, District Judge.
(CR-02-118)

Submitted: July 10, 2003

Decided: August 7, 2003

Before LUTTIG and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion. Judge Williams concurs
in the judgment.

### COUNSEL

Kimberly G. Mann, LYNCH, MANN & BIBB, Beckley, West Virginia, for Appellant. Kasey Warner, United States Attorney, Karen B. George, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

### OPINION

PER CURIAM:

Mary Patterson was convicted by a jury of making false statements to a United States Probation Officer, in violation of 18 U.S.C. § 1001 (2000), and sentenced to four months' imprisonment. Patterson's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), addressing whether the evidence was sufficient to support Patterson's conviction and whether the district court plainly erred by allowing certain evidence pursuant to Fed. R. Evid. 404(b), but stating that there are no meritorious issues for appeal. In addition, Patterson's attorney noted four additional issues which Patterson requested he raise. Although advised of her right to file a supplemental pro se brief, Patterson has not done so.

Viewed in the light most favorable to the Government, *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996), the evidence adduced at trial established the following. Mary Patterson called the United States Probation Office in Beckley, West Virginia, on July 27, 2001, and reported that her husband, Artie Patterson, had physically assaulted her and threatened to kill her. Artie had recently been released from federal custody and was serving a term of supervised release. Patterson went on to say that Artie had locked the gate and fence enclosing her car and that she was able to escape only by driving her car through the fence.

According to statements given by Patterson to several officers that day, Artie had hit her in the mouth, beaten her, thrown her to the floor and smashed her head into the floor. Probation Officer Kenneth Sayles testified that as Patterson repeated her story, her recollection of her escape changed each time. He also noticed no physical evidence of an assault; specifically, he testified that Patterson had no scratches, bruises, or other visible signs of a physical assault, and her hair and clothing were neat. Two other officers made similar observations.

Nevertheless, Sayles proceeded to obtain a warrant for Artie's arrest and filed a petition to revoke his supervised release. When another officer, Corporal Ray, went to the couple's residence to serve the arrest warrant, he noticed that the fence and gate were undamaged. Another officer came to inspect the gate and fence the next day and also found no evidence to support Patterson's story that she had driven through the fence to escape Artie. Moreover, when Artie was arrested, the arresting officer noticed no physical signs on Artie's hands to support Patterson's story either.

On July 30, just before Artie was scheduled to appear at a hearing on the petition to revoke his supervised release, Patterson recanted her story. She gave both oral and written statements confessing that she had fabricated the entire story. Patterson also met with a state prosecutor to request that charges against Artie be dismissed; after an independent investigation and interview with Patterson, the charges were dismissed.

The government must prove three elements to establish a violation of § 1001: "(1) the defendant made a false statement to a governmental agency or concealed a fact from it or used a false document knowing it to be false, (2) the defendant acted 'knowingly or willfully,' and (3) the false statement or concealed fact was material to a matter within the jurisdiction of the agency." *United States v. Arch Trading Co.*, 987 F.2d 1087, 1095 (4th Cir. 1993). We find that, taking the evidence in the light most favorable to the government, any reasonable trier of fact could have found Patterson guilty beyond a reasonable doubt of each of these elements. *Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982).

Counsel also questions whether the district court erred by allowing the Government to introduce evidence that Patterson had been convicted previously for filing a false police report. Patterson did not object at trial; therefore, review is for plain error only. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993).

Evidence of other crimes is not admissible to prove bad character or criminal propensity. Fed. R. Evid. 404(b). Such evidence is admissible, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.*; *United States v. Queen*, 132 F.3d 991, 994 (4th Cir. 1997). Rule 404(b) is an inclusive rule, allowing evidence of other crimes or acts except that which tends to prove only criminal disposition. *Queen*, 132 F.3d at 994-95; *United States v. Rawle*, 845 F.2d 1244, 1247 (4th Cir. 1988). Evidence of prior acts is admissible under Rule 404(b) if the evidence is: (1) relevant to an issue other than the general character of the defendant; (2) necessary, in that it is probative of an element of the offense; and (3) reliable. Further, the probative value of the evidence must not be substantially outweighed by its prejudicial effect. Fed. R. Evid. 403; *Queen*, 132 F.3d at 997.

Applying these principles, we find that the district court did not plainly err in admitting the evidence of Patterson's prior conviction. The evidence was reliable, relevant and necessary in that it established Patterson's knowledge, intent, and absence of mistake. Nor was its probative value substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403.

Counsel also raises the following four claims on behalf of Patterson. First, Patterson alleges that the trial judge was biased in that he directed the testimony of Officer Sayles. We have reviewed the transcript of Patterson's trial and find no support for this claim.

Next, Patterson claims that one of the government's witnesses, Mark Neil, testified falsely at the trial. This court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in favor of the Government. *United States v. Wilson*, 115 F.3d 1185, 1190 (4th Cir. 1997).

Patterson also claims that her trial should have been moved from Beckley to Charleston, West Virginia, in order to find an impartial

jury. Venue was clearly proper in the Southern District of West Virginia because the conduct for which she was charged was alleged to have occurred there. Patterson has shown no prejudice from the trial proceeding in Beckley.

Finally, Patterson argues that the trial judge erred in sentencing her to a term of imprisonment. Patterson's four-month sentence was within the applicable guideline range. This court does not review a sentence imposed within a properly calculated guideline range. 18 U.S.C. § 3742(a) (2000); *United States v. Porter*, 909 F.2d 789, 794 (4th Cir. 1990). Patterson does not challenge calculation of the guideline range.

We have reviewed the entire record in this case in accordance with *Anders* and have found no meritorious issues for appeal. We therefore affirm Patterson's conviction and sentence. This court requires that counsel inform her client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*